**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

United States of America,

                    Plaintiff,       Case No. 24-cr-20191

v.                           Judith E. Levy
                                United States District Judge

Anthony Roland Lister Leeds,

                           Mag. Judge David R. Grand

                Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO SEAL**
**EXHIBITS TO MOTION FOR COMPASSIONATE RELEASE [87]**

Before the Court is Defendant Anthony Roland Lister Leeds'
motion to seal exhibits to his compassionate release motion. (ECF
No. 87.) The exhibits consist of Defendant's wife's medical records
(Exhibits A and B); letters from doctors discussing Defendant's wife's
medical diagnoses and treatment (Exhibits C and D); and requests for
compassionate release directed to the warden at Federal Correctional
Institution, Gilmer that reference Defendant's wife's medical
information and provide medical records (Exhibits E and F). Defendant
seeks permission to file under seal Exhibits A, B, C, and D and to file

with redactions Exhibits E and F. (*Id.* at PageID.86–87.) For the reasons set forth below, Defendant's motion is granted.

The Court finds it appropriate for Exhibits A, B, C, and D to be filed under seal and for Exhibits E and F to be filed with redactions. The exhibits contain the medical information of Defendant's wife, whose privacy interest in this information is great. Concern for the privacy rights of third parties with regard to matters related to their personal and medical information weighs heavily in favor of nondisclosure. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 308 (6th Cir. 2016) ("[T]he privacy interests of innocent third parties should weigh heavily in a court's balancing equation." (internal citation omitted)); *Detillion v. Ohio Dep't of Rehab. & Corr.*, No. 2:22-cv-2671, 2023 WL 4925415, at *2 (S.D. Ohio Aug. 2, 2023) ("Courts have recognized a person's interest in the privacy of their health information as a legitimate basis for sealing." (quoting *Frohn v. Globe Life & Accident Ins. Co.*, No. 1:19-cv-713, 2022 WL 1555104, at *1 (S.D. Ohio May 17, 2022))). Any interests in giving the public access to the documents at issue do not outweigh the interests favoring nondisclosure. The Court also finds that the sealing and redacting

proposed by Defendant is not broader than necessary. It is therefore appropriate for the exhibits to be filed under seal or with redactions pursuant to Eastern District of Michigan Local Rule 5.3 and the standard set forth in *Shane Group, Inc.*, 825 F.3d at 306 (6th Cir. 2016) ("[T]he interests in support of nondisclosure are compelling, . . . the interests supporting access are less so, and . . . the seal itself is no broader than necessary[.]").

Accordingly, Defendant's motion to seal (ECF No. 87) is granted. Defendant must (1) file on the public docket a redacted version of his compassionate release motion; (2) file under seal Exhibits A, B, C, and D; and (3) file on the public docket redacted versions of Exhibits E and F.

IT IS SO ORDERED.

Dated: July 1, 2026                    s/Judith E. Levy
    Ann Arbor, Michigan          JUDITH E. LEVY
                                  United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 1, 2026.

<u>s/Richard Thieme</u>
RICHARD THIEME
Case Manager